## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

SEBINE COLEMAN
and SELEST COLEMAN

       Plaintiffs,

v.                                 Case No: 8:24-cv-2607-KKM-SPF

JCS INVESTIGATIONS AND
SECURITY LLC,

       Defendant.

_____

## <u>ORDER</u>

Plaintiffs Sebine Coleman and Selest Coleman move for default judgment against JCS Investigations and Security LLC. Mot. for Default J. (Doc. 15). The Magistrate Judge recommends that I grant the motion in part. R&R (Doc. 21).

A district judge may accept, reject, or modify a magistrate judge's Report and Recommendation. 28 U.S.C. § 636(b)(1). If a party files a timely and specific objection to a finding of fact by a magistrate judge, the district court must conduct a de novo review with respect to that factual issue. *Stokes v. Singletary*, 952 F.2d 1567, 1576 (11th Cir. 1992). The deadline for the parties to object to the recommendation has passed, and no party has objected. Nevertheless, I review the Magistrate Judge's legal conclusions de novo. *See*

*Cooper-Houston v. S. Ry. Co.*, 37 F.3d 603, 604 (11th Cir. 1994); *Ashworth v. Glades Cnty. Bd. of Cnty. Comm'rs*, 379 F. Supp. 3d 1244, 1246 (M.D. Fla. 2019). After review, I agree that default judgment against JCS Investigations and Security LLC is appropriate in the amount recommended. But because plaintiffs appear to have moved on only a subset of the claims in their complaint, I must address the outstanding claims before entry of final judgment.

Plaintiffs worked as security guards for JCS Investigations and Security LLC. After JCS Investigations failed to pay their wages, plaintiffs sued under the Fair Labor Standards Act (FLSA) for unpaid overtime (individually (Count I) and on behalf of a class (Count V)), retaliation (Count II), and unpaid minimum wage (Count IV). Compl. (Doc. 1) ¶¶ 16–30, 35–43. Plaintiffs also sued for unpaid wages under § 448.08, Florida Statutes (Count III). *Id.* ¶¶ 31–34. Although plaintiffs' motion for default judgment does not restrict itself to specific claims, the Magistrate Judge's Report and Recommendation represents that "Plaintiffs clarified at the hearing [on the motion] that they are moving for a default judgment as to Count I (FLSA overtime) and Count III (unpaid wages under Florida law) only." R&R at 1 n.1.

Plaintiffs' representation presents two options: partial judgment or final judgment following dismissal of the unaddressed claims. Ordinarily, before entering a judgment on fewer than all claims or parties involved—as

recommended here—the court must decide whether "there is no just reason for delay." FED. R. CIV. P. 54(b). But "when the factual underpinnings of the adjudicated and unadjudicated claims are intertwined, courts should be hesitant to employ Rule 54(b)." *Ebrahimi v. City of Huntsville Bd. of Educ.*, 114 F.3d 162, 167 (11th Cir. 1997). Here, because the unpaid overtime and wage claims "merely present alternative theories for achieving substantially the same relief to redress the same harm arising from the same set of facts" as the unaccounted-for claims, partial judgment under Rule 54(b) is inappropriate. *Barnett v. MacArthur*, 715 F. App'x 894, 901 (11th Cir. 2017) (per curiam).

Instead, plaintiffs' affirmative representation to the Magistrate Judge that they are not moving for default judgment on Counts II, IV, and V, means that they have abandoned those claims and do not seek a partial judgment that would leave them pending. *See Wright v. Crosscountry Mortg., LLC*, No. 2:23-CV-383-JLB-KCD, 2024 WL 706063, at *5 (M.D. Fla. Feb. 21, 2024) ("A plaintiff abandons a cause of action by omitting it from their motion for default judgment."), *report and recommendation adopted as modified*, No. 2:23-CV-383-JLB-KCD, 2024 WL 1604111 (M.D. Fla. Apr. 12, 2024); *see also E-Z-Dock, Inc. v. KonaDocks LLC*, No. 6:21-CV-2155-ACC-EJK, 2022 WL 8221613, at *1 n.1 (M.D. Fla. Aug. 5, 2022) (finding abandoned claims omitted from default judgment motion), *report and recommendation adopted*, No. 6:21-CV-2155-ACC-EJK, 2022 WL 3974333 (M.D. Fla. Sept. 1, 2022).

Accordingly, the following is **ORDERED:**

1.    The Magistrate Judge's Report and Recommendation, (Doc. 21), is

 **ADOPTED with modifications** and otherwise made part of this

 Order for all purposes.

2.    Plaintiffs' Motion for Default Judgment, (Doc. 15), is **GRANTED**

 **in part and DENIED in part**.

3.    Counts II, IV, and V of the Complaint are **DISMISSED.**

4.    The Clerk is directed to enter final judgment in favor of Sebine

 Coleman and Selest Coleman and against JCS Investigations and

 Security LLC on Counts I and III of the Complaint, in the amount

 of $630.00 in unpaid overtime compensation, $630.00 in liquidated

 damages, $406.00 in unpaid wages, $3,740.00 in attorney's fees,

 and $479.50 in costs.

5.    The Clerk is directed to **CLOSE** this case and terminate any

 remaining deadlines.

**ORDERED** in Tampa, Florida, on October 23, 2025.

Kathryn Kimball Mizelle
United States District Judge